FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 18 2008 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: NEWSDAY LITIGATION | MEMORANDUM & ORDER ON RESTITUTION<br><br>08-MISC-96 |
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROBERT BRENNAN<br>ROBERT GARCIA<br>RICHARD CZARK<br>LOUIS SITO<br>GUS ACOSTA<br>ED SMITH<br>DENNIS SPRINGER<br>JOHN FAIELLA<br>DOROTHY MCKILLOP | 05-CR-747<br>06-CR-169<br>06-CR-170<br>06-CR-171<br>06-CR-172<br>06-CR-173<br>06-CR-334<br>06-CR-335<br>06-CR-336 |

JACK B. WEINSTEIN, Senior United States District Judge:

**I.**

By order dated December 20, 2008, the Chief Magistrate Judge was requested to: (1) determine the identity of victims affected by the crimes of defendants in these cases, the amount of money each is entitled to, and how much, if any, each has received in civil litigation or otherwise; and (2) make any recommended findings of fact or law necessary in exercising the discretion afforded by sections 3663A and 3664 of title 18 of the United States Code or other relevant provision which may assist the court in a speedy and just adjudication of these cases. See Order, United States v. Brennan, No. 05-CR-747 (E.D.N.Y. Dec. 20, 2008); 18 U.S.C. § 3664(d)(6) ("The court may refer any issue arising in connection with a proposed order of



restitution to a magistrate judge or special master for proposed findings of fact and recommendations as to disposition, subject to a de novo determination of the issue by the court."); see also United States v. Brennan, 526 F. Supp. 2d 378 (E.D.N.Y. 2007) (noting the restitution issues in these cases).

## II.

Several hearings were held by the magistrate judge to address the restitution issues outlined in the court's order. See Report and Recommendation, In re Newsday, No. 08-MC-096 (E.D.N.Y. July 23, 2008) ("Magistrate's Report"). Crime victims were given adequate notice and an opportunity to be heard. Id. at 8 ("[V]ictims would have an opportunity to submit memoranda to the court as well."); id. at 16 ("[T]here has been ample notice to the victims of the proceedings and opportunities for them to come forward and inform the court of the losses they suffered as a result of the circulation fraud."); id. at 16-17 (noting that (1) hearings were open to public; (2) the government was directed to publish the status report of court hearings in the March 289, 2008 edition of Newsday at page D56; (3) newspaper articles reported the status of the proceedings; and (4) the government posted the court's order on the victim web site maintained by the United States Attorney's Office for the Eastern District of New York).

On July 23, 2008, the magistrate judge issued a comprehensive and persuasive report recommending the following: (1) defendants should not be ordered to provide restitution to victims defrauded prior to January 1, 2002 because these victims are unidentifiable and have been partially compensated by the Tribune Company, Newsday and Hoy (non-indicted culpable third parties), id. at 27-28; (2) defendants should be ordered to provide restitution in the amount of $5,966,000 to 30,724 commercial advertisers who did not respond to refused payments from non-indicted culpable third parties and were defrauded between January 1, 2002 and March 31,

2004, id. at 24-26; (3) defendants should not be ordered to provide restitution to classified advertisers who were defrauded between January 1, 2002 and March 31, 2004 because these victims have been compensated by non-indicted culpable third parties, id. at 11, 27-28; and (4) Gerard Schultz's application for restitution should be denied because he was not proximately harmed as a result of the fraud perpetuated by these defendants, id. at 19-20.

A hearing on the report and recommendation was scheduled for August 29, 2008. See Order, In re Newsday, No. 08-MC-096 (E.D.N.Y. July 29, 2008). Sentencing hearings were scheduled for the same day. Id. The government was ordered to give reasonable notice of these hearings to victims. Id. By letter dated August 26, 2008, counsel for a plaintiffs in a putative class action, Crab House of Douglaston Inc. v. Newsday, No. 04-CV-558 (E.D.N.Y.), requested "the opportunity to present live testimony in [connection with restitution issues] . . . so that the [c]ourt can have a full record of the facts upon which the admitted fraud was based." See Letter, In re Newsday, No. 08-MC-096 (E.D.N.Y. Aug. 26, 2008). No claims for restitution were made. Id. By order dated August 28, 2008, the court provided counsel an opportunity to make an oral proffer with respect to the amounts claimed by the actual clients represented through a retainer. See Order, In re Newsday, 08-MC-096 (E.D.N.Y. Aug. 28, 2008).

No claims for restitution were made at the August 29, 2008 hearing and sentencing proceedings.

### III.

#### A.

After hearing no objections from victims, the government and defendants, the court adopted the following recommendations at the August 29, 2008 hearing: (1) defendants should not be ordered to provide restitution to victims defrauded prior to January 1, 2002; (2) defendants

should not be ordered to provide restitution to classified advertisers who were defrauded between January 1, 2002 and March 31, 2004; and (3) Gerard Schultz's application for restitution should be denied.

## B.

After hearing no objections from the victims, the government and defendants, the court rejected the recommendation that defendants should be ordered to provide restitution in the amount of $5,966,000 to 30,724 commercial advertisers. These victims either failed to respond to or refused offers of payments made by non-indicted culpable third parties that would have made them whole. See Magistrate's Report at 10-11. They did not make any claims for restitution before the magistrate judge or this court. Approximately half of them are entitled to less than $25. Id. at 11. It is likely that some of these victims did not respond to offers of payments because they did not receive such notice due to a change in address. Locating them in order to provide restitution will require additional time. As noted by the magistrate judge's report, there is a slight possibility that some might have already been compensated by non-indicted culpable third parties. Id. at 26.

Section 3663A(c)(3)(B) provides that mandatory restitution cannot be ordered if the court finds from facts on the record that "determining complex issues of fact related to the cause or amount of the victim's losses would <u>complicate or prolong the sentencing process</u> to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process." 18 U.S.C. § 3663A(c)(3)(B) (emphasis added). The need to provide restitution to a relatively few uncompensated victims for near-nominal losses in this case will unnecessarily prolong and unduly burden the sentencing process. Id. Some defendants in these cases were charged almost three years ago. Adequate specific and general deterrence to criminal conduct is

best provided when defendants are sentenced in close temporal proximity to their criminal conduct. See 18 U.S.C. § 3553(a) ("The court, in determining the particular sentence to be imposed, shall consider . . . (2) the need for the sentence imposed . . . (B) to afford adequate deterrence to criminal conduct . . ."); see also Fed. R. Crim. P. 32(b) ("The court must impose sentence without unnecessary delay."); United States v. Flowers, 983 F. Supp. 159, 167-71 (E.D.N.Y. 1997) (discussing history Rule 32).

## IV.

There is no need to order restitution in these cases. Most victims have been made whole. Providing restitution to a relatively few who did not receive compensation for small amounts will prolong the sentencing process to a degree that the need to provide restitution is outweighed by the burden on the sentencing process. This memorandum and order shall be attached to the judgment and commitment of each defendant.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: September 8, 2008
Brooklyn, New York